**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**Eastern Division**

| | | |
|---|---|---|
| **BLUE SKY MINING PARTNERS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. _____** |
| | ) | |
| **SHIVA GARIMELLA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Dr. Shiva Garimella ("Dr. Garimella") and Custom Veterinary Services, LLC ("CVS") (collectively, "Defendants") hereby remove the above-captioned matter from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. As grounds for removal of this action, Defendants state as follows:

### I.  PLEADING AND PROCEDURES

1.      The United States District Court for the Northern District of Illinois has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all parties and the amount-in-controversy exceeds $75,000, exclusive of interest and costs.  Under 28 U.S.C. § 1441(b), no defendant in this action is a citizen of Illinois, the state in which this action was filed.

2.      On July 7, 2022, Plaintiff Blue Sky Mining Partners, LLC ("Plaintiff") commenced this civil suit against Defendants captioned *Blue Sky Mining Partners, LLC v. Shiva Garimella and Custom Veterinary Services, LLC*, Case No. 2022CH06572, in the Circuit Court of Cook County,

Illinois, by filing the Complaint. A true and correct copy of the Complaint with accompanying exhibits is attached hereto as **Exhibit 1**.

3. A true and correct copy of the Summons for both Defendants as well as Plaintiff's Motion for Preliminary Injunction with exhibits and notice of Motion are attached hereto as **Exhibit 2**.

4. On July 19, 2022, Plaintiff served CVS through CVS's registered agent, and on July 20, 2022, defense counsel accepted service on behalf of Dr. Garimella.

5. Defendants have received no other papers related to this matter to date beyond those attached in Exhibits 1 and 2 and no proceedings have been held nor other pleadings filed in this action in state court.

6. This action arises from Plaintiff's purported claims brought under Illinois common law. Specifically, Plaintiff alleges a breach of contract claim against Dr. Garimella and a tortious interference with business relationships claim against all Defendants, all related to related to an allegedly enforceable restrictive covenant agreement that Dr. Garimella entered into with Plaintiff on or about November 21, 2019. Exh. 1 (Compl.) ¶¶ 29-36, Ex. A.

## II.  REMOVAL IS TIMELY

7. On July 11, 2022, CVS received a copy of the Summons and Complaint contained in Exhibits 1 and 2, along with a request to waive service for all Defendants pursuant to Section 2-213 of the Illinois Code of Civil Procedure. *See* Exhs. 1, 2. July 11, 2022 was the first time CVS received a copy of Plaintiff's initial pleading setting forth Plaintiff's claims for relief. Dr. Garimella received a copy of the Complaint and Summons upon defense counsel's agreement to accept service on his behalf on July 20, 2022.

8.      This Notice of Removal is timely, as it is filed with this Court within thirty (30) days of receipt by CVS of the initial pleading setting forth Plaintiff's claims for relief.  28 U.S.C. § 1446(b)(1).  Defendants have not previously removed this action.

9.      Defendants have not served an answer or responsive pleading upon Plaintiff or filed one with the Circuit Court of Cook County, Illinois.  Nor have Defendants responded to Plaintiff's Motion for a Preliminary Injunction, which is noticed for hearing before the Circuit Court of Cook County on July 27, 2022.  *See* Exh. 2 at Notice of Motion.

10.     Defendants are contemporaneously giving written notice of removal to Plaintiff and to the Clerk of the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1446(d).  A copy of the removal notice to be filed with the Clerk of the Circuit Court of Cook County, Illinois is attached hereto as **Exhibit 3**.

## III. <u>VENUE IS PROPER</u>

11.     The United States District Court for the Northern District of Illinois, Eastern Division is the proper venue for removal under 28 U.S.C. § 1441(a).  The Circuit Court of Cook County, Illinois is located within the Eastern Division, pursuant to 28 U.S.C. § 93(a)(1).  Therefore, the Northern District of Illinois, Eastern Division, is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## IV. <u>REMOVAL JURISDICTION</u>

12.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount-in-controversy exceeds $75,000, exclusive of interests and costs, and there is complete diversity between all parties.

### A.      **The Amount-in-Controversy Requirement Is Satisfied.**

13.     Removal is proper if the Court finds, by a preponderance of the evidence, that the amount-in-controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C.

§ 1446(c)(2)(B); 28 U.S.C. § 1332(a) (identifying $75,000 as the jurisdictional threshold); 28 U.S.C. § 1446(c)(2)(A) (explaining that the Notice of Removal may assert the amount in controversy if the Complaint seeks nonmonetary relief).

14.     Plaintiff's Complaint seeks "preliminary and permanent injunctive relief, as well as damages." *See* Compl.  ¶ 7.

15.      When evaluating whether a complaint such as Plaintiff's which seeks injunctive relief satisfies the jurisdictional amount in controversy requirement, the Court looks to the value of the injunction from the viewpoint of either the plaintiff or the defendant.  *Hunt v. Wash. State Apple Advertising Com'n*, 432 U.S. 333, 347 (1977); *see also Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) ("[T]he object may be valued from either perspective –what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand."); *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 609 (7th Cir. 1997) (recognizing the "either viewpoint" rule); *Muscarello v. Ogle County Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010) (same).

16.     When a business alleges it has been threatened by unfair competition or a breach of a restrictive covenant, the amount in controversy in an action for injunctive relief is the difference between: (a) the value of the business not subjected to the improper competition (or with the covenant); and (b) the value of the business with the competition (or subject to breach of the covenant).  *See* 14AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3708 (citing *Fred Harvey, Inc. v. Mooney*, 526 F.2d 608, 611 (7th Cir. 1975)).  This value can be determined by, for example, anticipating the future financial benefits to the plaintiff from the injunction or the harms to the plaintiff if the challenged conduct is allowed to occur or continue. *See, e.g.*, *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 348 (1977) (relying on

evidence of plaintiffs' anticipated, future lost earnings and costs of complying with regulation the enforcement of which plaintiff sought to enjoin); *Mailwaukee Mailing, Shipment & Equip., Inc. v. Neopost, Inc.*, 259 F. Supp. 2d 769, 774 (E.D. Wis. 2003) (applying these principles in a non-compete case).

17.     The value of an injunction can never be valued with precision.  However, so long as there is a "present probability" that the damages will exceed the requisite amount, jurisdiction is satisfied.  *See* 14AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3708 (citing cases).  Courts may consider the Plaintiff's own averments in the underlying pleadings as well as the submission of affidavits or other evidence outside the pleadings.  *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541–42 (7th Cir. 2006).

18.     Moreover, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  Accordingly, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

19.     Here, Plaintiff cannot contest that the amount in controversy exceeds $75,000 as by its own admission, Plaintiff "do[es] not yet know the amount of damages sought and cannot tell [Defendants] at this time if the amount of damages sought exceeds $75,000." *See* **Exhibit 4**, July 20, 2022 correspondence between Plaintiff's and Defendants' counsel.

20.     Nevertheless, in this case, a preponderance of the evidence demonstrates that the value of the injunction, plus whatever monetary damages plaintiff seeks, exceeds $75,000.  *See* 28 U.S.C. § 1446(c)(2)(B) (reflecting the preponderance-of-the-evidence standard).

21.     To begin, Plaintiff swears under oath that the harm it will suffer in the absence of an injunction is "irreparable." *See* **Exh. 2**, Verified Motion for Preliminary Injunction ("Injunction Motion") at 2.   Elsewhere, Plaintiff describes the scope of its damages as "significant" and "immeasurable."  *Id.* at 5.  This damage is purportedly based on a "loss of clients, loss of goodwill, and monetary damages."  *Id.* at 4.

22.     Plaintiff alludes to one unspecified former client that it contends Dr. Garimella solicited and that terminated its business relationship with Plaintiff, and seeks an injunction with respect to an unspecified number of other clients and potential clients.  *Id.* at 4.  Dr. Garimella does not possess any documentation or records related to Plaintiff's profitability.  However, based on Dr. Garimella's personal recollection of the clients he worked with, along with his knowledge of profitability percentages associated with the industry as a whole, the average annual profit for two clients would exceed $75,000.  *See* **Exhibit 5**, Declaration of Shiva Garimella ("Garimella Decl.") ¶ 11.  Likewise, CVS's average profit per customer of a 12-month period of time exceeds $75,000. **Exhibit 6**, Declaration of Rueben F. Martinez ("Martinez Decl.") at ¶ 11.

23.     However, Plaintiff's request for injunction ***exceeds*** the scope of the one client identified in the Complaint.  The injunction sought would extend to "many" of Plaintiff's clients and customers.  *See* Injunction Motion at 4.  Plaintiff further acknowledges that Dr. Garimella's business contacts are (and, by extension, the scope of the requested injunction is) "extensive." Compl.  ¶ 14.  Each of these customers represents additional profit above and beyond the profit realized with the one customer to which Plaintiff refers in the Complaint, further exceeding the jurisdictional amount in controversy threshold.

24.     Another way to demonstrate the value of the injunction, in accordance with precedent within the Seventh Circuit, is to review the value that Plaintiff placed on Dr. Garimella.

25.     Plaintiff seeks an injunction prohibiting Dr. Garimella from competing with Plaintiff *entirely*.  *See* Injunction Motion at 6.  Dr. Garimella held a Director-level role, earning $120,000 annually and 20% bonuses in the last two consecutive years for his performance.  *See* Compl.  ¶ 13; Garimella Decl. ¶ 9.  Additionally, Plaintiff awarded Dr. Garimella with a $7,500 raise after giving him additional responsibilities.  *Id.*  The restraint Plaintiff attempts to enforce lasts for 12 months.  *See* Compl.  ¶ 24.  As a matter of ordinary business sense, Dr. Garimella's services were worth well more than $75,000 to Plaintiff each year, given his compensation level alone.  Similarly, the injunction sought is valued more than $75,000 from Defendants' perspective. Garimella Decl. ¶¶ 7–8; Martinez Decl. ¶¶ 8–11.  In this case, the injunction Plaintiff seeks (to keep Dr. Garimella out of the competitive marketplace altogether) easily surpasses the $75,000 threshold.

26.     The amount-in-controversy therefore exceeds the threshold for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

**B.     Complete Diversity Exists Between All Parties.**

27.     <u>Plaintiff's Citizenship</u>.  Defendants are informed and believe pursuant to the Complaint that Plaintiff "is an Arkansas limited liability company with its principal place of business at 83 W. Champions Boulevard, Rogers, Arkansas 72758."  *See* Ex. 1 at ¶ 8. Thus, Plaintiff is a citizen of Arkansas for the purpose of determining jurisdiction.  *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

28.     <u>Dr. Garimella's Citizenship</u>.  According to the Complaint, Dr. Garimella is citizen of the state of Missouri who "resides at 1516 La Dina Place, Ellisville, Missouri 63011." **Ex. 1** at ¶ 9; Garimella Decl. at ¶ 2.

29.     <u>CVS's Citizenship</u>.  According to the Complaint, "CVS is a Delaware limited liability company with its principal place of business at 6955 NW 36th Avenue, Miami, Florida

33147." *Id.* at ¶ 10; Martinez Decl. at ¶ 4. At its corporate headquarters, CVS's officers direct, control and coordinate its activities, and the majority of its executive and administrative functions are performed there. Martinez Decl. at ¶ 5. Thus, CVS is a citizen of Florida for the purpose of determining jurisdiction. *See Hertz Corp.*, 130 S. Ct. at 1192.

30.     Therefore, the diversity of citizenship between Plaintiff (Arkansas) and Dr. Garimella (Missouri) and CVS (Florida) establishes sufficient basis for removal of this action under 28 U.S.C. § 1332.

## V.   <u>PRESERVATION OF DENIALS AND DEFENSES</u>

31.     By filing this Notice of Removal, Defendants do not waive any jurisdictional or other defenses that might be available to them. In addition, Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12. Defendants also reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants Shiva Garimella and Custom Veterinary Services, LLC request that the above-entitled action be removed from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

Date:  July 25, 2022                              Respectfully submitted,


                                                   /s/ *Katharine P. Lennox*
                                                  One of Defendants' Attorneys

Katharine P. Lennox
E-mail: klennox@mcguirewoods.com
McGuireWoods LLP
77 West Wacker Drive, 41st Floor
Chicago, IL 60601
T: (312) 849-8100
F: (312) 849-3690

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on July 25, 2022, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system and served the foregoing via electronic mail and

U.S. Mail, postage prepaid, upon the following:

**DUGGAN BERTSCH, LLC**
Michael H. Israel, Esq.
Brian C. Konkel, Esq.
Andrew J. Banathy, Esq.
303 W. Madison, Suite 1000
Chicago, Illinois 60606
(312) 263-8600 Phone
(312) 263-8603 Fax
MIsrael@dugganbertsch.com
BKonkel@dugganbertsch.com
ABanathy@dugganbertsch.com

*Attorneys for Plaintiff*

/s/  *Katharine P. Lennox*